DECISION
{¶ 1} Appellant, Robert O. Tackett, has filed an appeal from a judgment of the Franklin County Court of Common Pleas and sets forth the following assignment of error:
 {¶ 2} "The trial court erred when it failed to impose the shortest prison term upon an offender who had never served a previous prison term."
 {¶ 3} Appellant was indicted for felonious assault and abduction. In April 2002, he entered a guilty plea to felonious assault and a nolle prosequi was entered as to the abduction charge. Counsel has filed a brief pursuant to Anders v. California (1967), 87 S.Ct. 1396, and argues that, inasmuch as appellant has not previously served a prison term, he should have been sentenced to the shortest possible sentence, in this instance two years.
 {¶ 4} R.C. 2929.14(B) provides:
 {¶ 5} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 6} In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court stated that, although R.C. 2929.14(B) does not require the trial court to give reasons for imposing more than the minimum sentence upon an offender who has not previously served time in prison, it must make the required statutory findings. That is, the trial court must find either, or both, that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime.
 {¶ 7} In the sentencing entry, the trial court stated:
 {¶ 8} "The Court further finds that the shortest prison term would demean the seriousness of the offender's conduct and will not adequately protect the public from future crime by the offender."
 {¶ 9} As appellant concedes, the trial court made the required finding pursuant to statute but argues that these findings are not supported by the record. We disagree. Appellant's conviction arose from the brutal assault on a former girlfriend resulting in a concussion, ruptured eardrum, broken ribs and permanent scarring. Since the attack, the victim has suffered from depression and has had at least one seizure. Appellant threw the victim into a van and threatened to kill her. Only when appellant left the van to get car keys was she able to escape. In addition to the assault on his former girlfriend, appellant threatened to kill his roommate when he tried to intervene and threatened the police called to the scene.
 {¶ 10} Although appellant has not served time in prison, he has an extensive record for misdemeanors, including offenses of violence. Therefore, the record more than supports the sentence imposed upon appellant.
 {¶ 11} During the sentencing hearing, appellant tried to blame his 16-year record of bad behavior on alcohol, and the following occurred between the trial court and appellant's trial counsel:
 {¶ 12} "THE COURT: The aggravated burglary was alcohol, receiving stolen property?
 {¶ 13} "MR. DEHNART: Yes. He has told me — and I've gone through it point by point — he was on alcohol when he got into this situation. I asked him why he didn't receive help in the past. And there was some motivation for a while and he would lose the motivation.
 {¶ 14} "* * *
 {¶ 15} "THE COURT: All right. Mr. Tackett. It's amazing to me that you sit here and blame alcohol for all your actions, as a juvenile all the way up through an adult. You have an extensive history with criminal conduct; not only alcohol related but non-alcohol related." (Tr. at 9-10.)
 {¶ 16} Appellant argues that the trial court's reference to aggravated burglary shows a misunderstanding of his past record which resulted in more than the minimum sentence.[1] Read in context, however, the court's statement merely expresses a well-founded incredulity that all of appellant's behavior could be explained away by alcohol abuse. Even assuming the court was mistaken, the facts of this case support the sentence imposed.
 {¶ 17} Therefore, for the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.
[1] In 1988, appellant was adjudicated a delinquent for receiving stolen property arising out of the aggravated burglary.